# EXHIBIT D
# SALE PROCEDURES ORDER

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| EWGS INTERMEDIARY, LLC, *et al.*,[1] | ) | Case No. 13-[_____] ( ) |
| Debtors. | ) | Joint Administration Requested |

**ORDER (A) AUTHORIZING AND SCHEDULING AN AUCTION AND HEARING TO APPROVE THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE DEBTORS, (B) APPROVING THE SALE PROCEDURES FOR SUCH ASSETS, (C) APPROVING BREAK UP FEE (D) APPROVING THE FORM AND SCOPE OF NOTICE OF THE SALE PROCEDURES AND AUCTION, (E) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (F) APPROVING ASSUMPTION OF ESCROW AGREEMENT, AND (G) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "***Motion***")[2] of the above-captioned Debtors and Debtors in possession (the "***Debtors***"), pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rules 2002–1 and 6004–1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), for entry of an order authorizing and scheduling an auction and hearing to approve the Sale of substantially all of the assets of the Debtors, approving the Sale Procedures for Auction and Sale, approving a Break-Up Fee, approving the scope and manner of notice, establishing procedures relating to assumption and assignment of the Assumed Contracts; and the Court having determined that the relief provided herein is in the best interest of the Debtors,

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: EWGS Intermediary, LLC (5356) and Edwin Watts Golf Shops, LLC (5356). The address of the Debtors' corporate headquarters is 20 Hill Avenue NW, Fort Walton Beach, FL 32548.

2 All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion or in the Sale Procedures attached hereto.

their estates, their creditors and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion, and the full record of this case; and after due deliberation thereon; and good and sufficient cause appearing therefor,

THE COURT HEREBY FINDS THAT:[3]

A. This Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief requested in the Motion are sections 105(a), 363, 365, 503 and 507 of the Bankruptcy Code, (ii) Rules 2002, 6004, 6006, 9007 and 9014 of the Bankruptcy Rules, and (iii) Rule 6004-1 of the Local Rules.

C. Notice of the Motion having been provided to the parties listed therein is sufficient in light of the circumstances and nature of the relief requested in the Motion, and no other or further notice is required except as set forth herein with respect to the Sale Procedures, Auction and Sale Hearing. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties-in-interest.

D. The Debtors have articulated good and sufficient reasons for this Court to grant the relief requested in the Motion, including without limitation, (i) approval of the Sale Procedures and the Break-Up Fee, (ii) the scheduling of the Bid Deadline, Auction, and Sale Hearing for the Sale of the Assets; (iii) the establishment of procedures to fix the Cure Amounts

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

to be paid under section 365 of the Bankruptcy Code in connection with the assumption and assignment of the Assumed Contracts, and (iv) approval and authorization to serve the Sale Notice and the Cure Notice.

E. The Sale Procedures and the Agreement were negotiated in good faith and at arms' length by the Debtors and the Joint Venture, and the Sale Procedures, the Break-Up Fee and the termination provisions of the Agreement were material inducements to the Joint Venture to submit its Bid.

F. The Debtors have demonstrated that the Break- Up Fee constitutes an actual and necessary cost and expense of preserving the Debtors' estates, within the meaning of section 503(b) of the Bankruptcy Code, and is of substantial benefit to the Debtors' estates by inducing the Joint Venture's Bid, which has established a bid minimum for other bidders for the Assets, thereby ensuring that during the Auction, if any, the Debtors receive the highest or best Bid possible for the Assets.

G. Accordingly, the Sale Procedures and the Break-Up Fee are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtors, their estates, and creditors.

H. The Sale Notice is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, Sale, Sale Hearing, and Sale Procedures.

I. The Cure Notice is appropriate and reasonably calculated to provide all counterparties to the Assumed Contracts with proper notice of the potential assumption and assignment of the Assumed Contracts and the proposed Cure Amounts with respect thereto.

K. The entry of this Order and the granting of the relief provided herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED in all respects to the extent provided herein.

2. All objections, if any, to the Motion or the relief provided herein that have not been withdrawn, waived, or settled, as announced to the Court at, or prior to, the hearing on the Motion or any adjournment thereof or set forth in a stipulation presented to the Court, and all reservations of rights included therein, are hereby overruled on the merits.

3. The Sale Procedures, in substantially the form attached hereto as **Exhibit A**, are APPROVED and the terms thereof are incorporated herein as if fully set forth herein and shall apply with respect to the proposed Sale of the Assets. The Debtors are authorized to take all actions necessary or appropriate to implement the Sale Procedures.

4. As further described in the Sale Procedures, the deadline for submitting Bids for the Assets is **December 2, 2013 at 4:00 p.m. (prevailing Eastern Time)** (the "***Bid Deadline***").

5. Pursuant to Bankruptcy Rule 6004(f)(1), the Debtors are authorized to conduct an Auction in respect of the Assets pursuant to the terms and conditions set forth herein and in the Sale Procedures. If Qualified Bids are received by the Debtors in accordance with the Sale Procedures, the Auction shall take place on **December 4, 2013 at 10:00 a.m. (prevailing Eastern Time)** at the offices of Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, DE, 19801, or such other location and time as designated by the Debtors in a notice to all Qualified Bidders. If, however, no Qualified Bid is received (other than the Agreement which, as set forth in the Sale Procedures, shall be deemed a Qualified Bid), the Auction will not be held and the Debtors shall seek Court approval of the Sale to the Joint Venture pursuant to the Agreement.

6. Each Qualified Bidder at the Auction will be required to confirm that it has not engaged in any collusion with respect to its bidding on the Assets.

7. The Auction will be conducted openly and all creditors and parties-in-interest of the Debtors are permitted to attend; *provided*, *however*, that in order to attend the Auction, a creditor or other party-in-interest must advise the Debtors and the Purchaser in writing no later than 48 hours prior to the Auction, provided, further, however, that the Debtors may seek relief from the Bankruptcy Court in the event that they object to such creditor's or other party-in-interest's attendance.

8. Bidding at the Auction will be transcribed.

9. The Sale Hearing is scheduled to be held on **December 5, 2013 at 10:00 a.m. (prevailing Eastern Time)** before the Honorable Mary F. Walrath, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom 4, Wilmington, DE, 19801. The Debtors will seek the entry of an order of this Court at the Sale Hearing approving and authorizing the Sale to the Joint Venture or such other party who is the Successful Bidder, on terms and conditions consistent with the Agreement or Modified Agreement, as applicable.

10. The form and scope of the Sale Notice attached hereto as **Exhibit B** is reasonable and appropriate and is hereby APPROVED and incorporated herein as if fully set forth herein.

11. The Debtors are hereby authorized and directed to serve copies of this Order and the Sale Notice upon: (a) the Office of the United States Trustee for the District of Delaware (the "***U.S. Trustee***"), (b) counsel to the Creditors' Committee; (c) counsel to the secured lenders, (d) counsel to PNC as lender under the Debtors' debtor-in-possession loan facility (the "***DIP Facility***"); (e) parties entitled to receive notice in the Bankruptcy Cases pursuant to Bankruptcy

Rule 2002; (f) all entities known by the Debtors to have asserted any lien, claim, interest, or encumbrance in or on the Assets, (g) all parties on the Debtors' master mailing matrix, including, without limitation, all known creditors of the Debtors, (h) all counterparties to the Assumed Contracts, (i) the Internal Revenue Service and all state/local taxing authorities in jurisdictions where the Debtors have or may have any tax liability; (j) all relevant regulatory authorities, (k) all persons who have expressed an interest in acquiring the Purchased Asset, and (l) counsel to the Joint Venture, no later than one (1) business day after entry of this Order, by first class mail, postage prepaid, or other method reasonably calculated to provide notice of the Sale and the Auction, and such service shall constitute good and sufficient notice of the Sale of the Assets, this Order, the Auction, the Sale Hearing and all proceedings to be held thereon.

12. The Break-Up Fee and the termination provisions of the Agreement are APPROVED.

13. The Debtors are hereby authorized and directed without the need for further order of this Court to pay the Break-Up Fee in accordance with the terms and conditions of the Agreement.

14. No person or entity, other than the Joint Venture, shall be entitled to any expense reimbursement (other than expense reimbursement or other payments or amounts owing to PNC under the DIP Facility) or break-up, topping, termination, or other similar fee or payment in the event that the Joint Venture is not the Successful Bidder. Any bidder that seeks payment of such fees from Debtors in connection with any Bid shall not be a Qualified Bidder and shall be excluded from the Auction and Sale Hearing.

15. The form and scope of the Cure Notice attached to the Motion as **Exhibit C** is reasonable and appropriate and is hereby APPROVED and incorporated herein as if fully set forth herein.

16. No later than November [__], 2013, the Debtors shall file and serve by first class mail or hand delivery a Cure Notice on each counterparty to each Assumed Contract subject to the Agreement. Such Cure Notice is without prejudice to the Joint Venture's ability, on or before the date established by this Court for submission of competing Bids pursuant to the this Order and the Sale Procedures, to elect to add or remove any contract, agreement or lease from the list of Assumed Contracts; provided that no such addition or removal shall affect the Purchase Price payable under the Agreement.

17. All objections, if any, to the proposed assumption and assignment of the Assumed Contracts to the Joint Venture, including but not limited to, objections to the Cure Amounts and adequate assurance of future performance as it relates to the Purchaser, must (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) to the extent it challenges a scheduled Cure Amount, set forth the cure amount being claimed by the objecting party and provide appropriate documentation to support such party's objection; (d) be filed with the Clerk of the Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Flr., Wilmington, DE, 19801 by **4:00 p.m. (prevailing Eastern Time) on [__________], 2013** (the "***Cure and Joint Venture Adequate Assurance Deadline***"); and (e) be served upon (i) counsel to the Debtors, Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, DE, 19801, Attn: Domenic E. Pacitti, Esq., (email: dpacitti@klehr.com); (ii) counsel to the Joint Venture,[____________________]; (iii) the U.S. Trustee, Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE, 19801, Attn:

[____________________]; (iv) counsel to the Creditors' Committee, [______________________]; and (v) counsel to PNC [____________________], so as to be actually received no later than the Cure and Joint Venture Adequate Assurance Objection Deadline.

18. If no objection is timely received, the Cure Amount for any Assumed Contract set forth in the Cure Notice shall control as of the date of such notice without regard to anything to the contrary in such Assumed Contract or any other document and the adequate assurance of future performance as it relates to the Joint Venture shall be deemed adequate. In the event a party to an Assumed Contract files a timely objection asserting a higher cure amount than the Cure Amount, and the parties are unable to consensually resolve the dispute prior to the Sale Hearing, the amount to be paid under section 365 of the Bankruptcy Code with respect to such Assumed Contract will be determined at the Sale Hearing or such other date and time as may be fixed by this Court. All other objections to the proposed assumption and assignment of the Assumed Contracts will be heard at the Sale Hearing.

19. Unless otherwise agreed to between the parties to the Assumed Contracts and the Debtors, the Debtors shall pay the Cure Amounts at Closing; provided, that in the event that any Cure Amount shall then be in dispute, the Debtors shall pay to the applicable counterparty the portion thereof, if any, that is not in dispute, and the balance, if any, shall be paid upon resolution of such dispute.

20. If the Joint Venture is not the Successful Bidder for the Assets at the Auction, with in six (6) hours of the conclusion of the Auction, the Debtors shall file and serve a notice identifying the Successful Bidder upon each counterparty to an executory contract or unexpired

lease to be assumed and assigned to the Successful Bidder under such bidder's Modified Agreement by facsimile, email or overnight mail.

22. Responses or objections, if any, to the relief requested in the Sale Motion, including, but not limited to, the Debtors' request to approve the Sale of the Assets, must be (a) in writing; (b) state with specificity the basis therefore; (c) comply with the Bankruptcy Rules and the Local Rules; and (d) be filed with the clerk of the Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Flr., Wilmington, DE, 19801 by **4:00 p.m. (prevailing Eastern Time) on [__________], 2013** (the "***Objection Deadline***"); and (e) be served upon [____________________] so as to be actually received no later than the Objection Deadline.

23. Notwithstanding Bankruptcy Rule 6004, 6006(d), 7062 or 9014, if applicable, or any other Local Rule or otherwise, this Sale Order shall not be stayed for 14-days after the entry hereof, but shall be effective and enforceable immediately upon entry pursuant to Bankruptcy Rule 6004(h).

24. Any conflict between the terms and provisions of this Order and the Purchase Agreement shall be resolved in favor of this Order. To the extent that the Sale Procedures Motion; Sale Procedures; Cure Notice or Agreement is inconsistent with this Order, the provisions of this Order shall control.

25. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Date: November ___, 2013
Wilmington, Delaware

______________________________
United States Bankruptcy Judge