## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EWGS INTERMEDIARY, LLC, *et al.*,[1] | ) | Case No. 13-12876 (MFW) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) | **Related to Docket No. 24** |
|  | ) |  |

## ORDER (A) AUTHORIZING AND SCHEDULING AN AUCTION AND HEARING TO APPROVE THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE DEBTORS, (B) APPROVING THE SALE PROCEDURES FOR SUCH ASSETS, (C) APPROVING THE FORM AND SCOPE OF NOTICE OF THE SALE PROCEDURES AND AUCTION, (D) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (E) GRANTING RELATED RELIEF

Upon consideration of the motion (the "*Motion*")[2] of the above-captioned Debtors and Debtors in possession (the "*Debtors*"), pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rules 2002–1 and 6004–1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"), for entry of an order authorizing and scheduling an auction and hearing to approve the Sale of substantially all of the assets of the Debtors, approving the Sale Procedures for Auction and Sale, approving the scope and manner of notice, establishing procedures relating to assumption and assignment of the Assumed Contracts; and the Court having determined that the relief provided herein is in the best interest of the Debtors, their estates, their creditors and

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: EWGS Intermediary, LLC (5356) and Edwin Watts Golf Shops, LLC (5356). The address of the Debtors' corporate headquarters is 20 Hill Avenue NW, Fort Walton Beach, FL 32548.

[2]   All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion or in the Sale Procedures attached hereto.

other parties in interest; and due and adequate notice of the Motion having been given under the

circumstances; and upon the record of the hearing on the Motion, and the full record of this case;

and after due deliberation thereon; and good and sufficient cause appearing therefor,

THE COURT HEREBY FINDS THAT:[3]

A.      This Court has jurisdiction over the Motion and the relief requested therein

pursuant to 28 U.S.C. §§ 157 and 1334.  This proceeding is a core proceeding pursuant to 28

U.S.C. § 157(b).  Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The statutory predicates for the relief requested in the Motion are sections 105(a),

363, 365, 503 and 507 of the Bankruptcy Code, (ii) Rules 2002, 6004, 6006, 9007 and 9014 of

the Bankruptcy Rules, and (iii) Rule 6004-1 of the Local Rules.

C.      Notice of the Motion having been provided to the parties listed therein is

sufficient in light of the circumstances and nature of the relief requested in the Motion, and no

other or further notice is required except as set forth herein with respect to the alternative sale

procedures, as modified and attached hereto as **Exhibit A** (the "*Sale Procedures*"), Auction and

Sale Hearing.  A reasonable opportunity to object or be heard regarding the relief provided

herein has been afforded to parties-in-interest.

D.      The Debtors have articulated good and sufficient reasons for this Court to grant

the relief requested in the Motion, including without limitation, (i) approval of the Sale

Procedures, (ii) the scheduling of the Bid Deadline, Auction, and Sale Hearing for the Sale of the

Assets; (iii) the establishment of procedures to fix the Cure Amounts to be paid under section

---

[3]    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law
pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To
the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To
the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2

365 of the Bankruptcy Code in connection with the assumption and assignment of the Assumed Contracts, and (iv) approval and authorization to serve the Sale Notice and the Cure Notice.

E.       The Sale Procedures are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtors, their estates, and creditors.

H.       The Sale Notice is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, Sale, Sale Hearing, and Sale Procedures.

I.        The Cure Notice is appropriate and reasonably calculated to provide all counterparties to the Assumed Contracts with proper notice of the potential assumption and assignment of the Assumed Contracts and the proposed Cure Amounts with respect thereto.

K.       The entry of this Order and the granting of the relief provided herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

IT IS HEREBY ORDERED THAT:

1.       The Motion is GRANTED in all respects to the extent provided herein.

2.       All objections, if any, to the Motion or the relief provided herein that have not been withdrawn, waived, or settled, as announced to the Court at, or prior to, the hearing on the Motion or any adjournment thereof or set forth in a stipulation presented to the Court, and all reservations of rights included therein, are hereby overruled on the merits.

3.       The Sale Procedures, in substantially the form attached hereto as **Exhibit A**, are APPROVED and the terms thereof are incorporated herein as if fully set forth herein and shall apply with respect to the proposed Sale of the Assets.  The Debtors are authorized to take all actions necessary or appropriate to implement the Sale Procedures.

3

4.      As further described in the Sale Procedures, the deadline for submitting Bids for the Assets is **December [2], 2013 at 4:00 p.m. (prevailing Eastern Time)** (the "*Bid Deadline*").

5.      Pursuant to Bankruptcy Rule 6004(f)(1), the Debtors are authorized to conduct an Auction in respect of the Assets pursuant to the terms and conditions set forth herein and in the Sale Procedures. If Qualified Bids are received by the Debtors in accordance with the Sale Procedures, the Auction shall take place on **December [3], 2013 at 10:00 a.m. (prevailing Eastern Time)** at the offices of Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, PA 19103, or such other location and time as designated by the Debtors in a notice to all Qualified Bidders. If, however, no Qualified Bid is received, the Auction will not be held.

6.      Each Qualified Bidder at the Auction will be required to confirm that it has not engaged in any collusion with respect to its bidding on the Assets.

7.      The Auction will be conducted openly and all creditors and parties-in-interest of the Debtors are permitted to attend; *provided, however,* that in order to attend the Auction, a creditor or other party-in-interest must advise the Debtors and the Purchaser in writing no later than 48 hours prior to the Auction, provided, further, however, that the Debtors may seek relief from the Bankruptcy Court in the event that they object to such creditor's or other party-in-interest's attendance; provided, further, however, that notwithstanding anything herein to the contrary, Qualified Bidders, the U.S. Trustee, the Secured Creditors, the Committee members (including non-voting members) and their respective representatives shall be entitled to attend the Auction without objection by the Debtors.

8.      Bidding at the Auction will be transcribed.

PHIL1 3222111v.3

9.     The Sale Hearing is scheduled to be held on **December [5], 2013 at [9:30**

**a.m. (prevailing Eastern Time)** before the Honorable Mary F. Walrath, United States

Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824

Market Street, 5th Floor, Courtroom 4, Wilmington, DE, 19801. The Debtors may, in their

discretion with consultation with the Secured Lenders and the professionals of the Committee,

seek the entry of an order of this Court at the Sale Hearing approving and authorizing the Sale to

the the Successful Bidder, on terms and conditions consistent with the Agreement (as defined in

the Sale Procedures).

10.    The form and scope of the Sale Notice attached hereto as **Exhibit B** is reasonable

and appropriate and is hereby APPROVED and incorporated herein as if fully set forth herein.

11.    The Debtors are hereby authorized and directed to serve copies of this Order and

the Sale Notice upon: (a) the Office of the United States Trustee for the District of Delaware (the

"*U.S. Trustee*"), (b) counsel to the Creditors' Committee; (c) counsel to the secured lenders, (d)

counsel to PNC as lender under the Debtors' debtor-in-possession loan facility (the "*DIP*

*Facility*"); (e) parties entitled to receive notice in the Bankruptcy Cases pursuant to Bankruptcy

Rule 2002; (f) all entities known by the Debtors to have asserted any lien, claim, interest, or

encumbrance in or on the Assets, (g) all counterparties to the Assumed Contracts, (h) the Internal

Revenue Service and all state/local taxing authorities in jurisdictions where the Debtors have or

may have any tax liability; (i) all relevant regulatory authorities, and (j) all persons who have

; and (K) all known creditors

expressed an interest in acquiring the Assets, no later than one (1) business day after entry of this

Order, by first class mail, postage prepaid, or other method reasonably calculated to provide

notice of the Sale and the Auction, and such service shall constitute good and sufficient notice of

5

the Sale of the Assets, this Order, the Auction, the Sale Hearing and all proceedings to be held thereon.

12.    The Debtors are authorized at their option, with (i) the consent of PNC and (ii) after consultation with the Subordinated Lender and the professionals to the Committee, but not directed, to enter into a stalking horse agreement prior to the Auction that includes the provision for a break-up fee to be paid to such proposed stalking horse and seek the approval of such break-up fee at the Sale Hearing.  For the avoidance of doubt, nothing in this order shall be construed to grant approval for such potential break-up fee and all issues relating to such break-up fee, if applicable, are reserved for the Sale Hearing.

13.    The form and scope of the Cure Notice attached to the Motion as **Exhibit C** is reasonable and appropriate and is hereby APPROVED and incorporated herein as if fully set forth herein.

14.    No later than November [_22_], 2013, the Debtors shall file and serve by first class mail or hand delivery a Cure Notice on each counterparty to each executory contract and unexpired lease that may be assumed and assigned in the sale (each an *"Assumed Contract"*). Such Cure Notice is without prejudice to the Debtors ability to designate which contract shall be assumed and assigned in relation to the Sale.  Provision of the Cure Notice to a counterparty shall not be an admission that such lease or contract is an unexpired lease or executory contract is capable of assumption or assignment or that such lease or contract will be assumed and assigned.

15.    All objections, if any, to the proposed assumption and assignment of the Assumed Contracts, including but not limited to, objections to the Cure Amounts, must (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) to the extent it challenges a

PHIL1 3222111v.3

scheduled Cure Amount, set forth the cure amount being claimed by the objecting party and provide appropriate documentation to support such party's objection; (d) be filed with the Clerk of the Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Flr., Wilmington, DE, 19801 by **4:00 p.m. (prevailing Eastern Time) on [**December 2**____], 2013** (the *"Cure Objection Deadline"*); and (e) be served upon (i) counsel to the Debtors, Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, DE, 19801, Attn: Domenic E. Pacitti, Esq., (email: dpacitti@klehr.com); (ii) the U.S. Trustee, Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE, 19801, Attn: David Buchbinder, Esq.; (iii) proposed counsel to the official committee of unsecured creditors, Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036, Attn: Lawrence C. Gottlieb, Esq. and Jay R. Indyke, Esq. and proposed Delaware counsel to the official committee of unsecured creditors, Richards, Layton & Finger, One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Christopher Samis, Esq.; and (iv) counsel to the Debtors' prepetition secured lender and debtor in possession lender, Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801, Attn; Regina Stango Kelbon, Esq., so as to be actually received no later than the Cure Objection Deadline.

16.    All objections, if any, to the proposed assumption and assignment of the Assumed Contracts relating solely to the adequate assurance of future performance, must (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) specify the specific challenge to the proposed adequate assurance by the objecting party; (d) be filed with the Clerk of the Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Flr., Wilmington, DE, 19801 by **4:00 p.m. (prevailing Eastern Time) on [**December 5, 2013 at 9:30 a.m.**____], 2013** (the *"Adequate Assurance Objection Deadline"*); and (e) be served upon (i) counsel to the Debtors, Klehr

7

Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, DE, 19801, Attn: Domenic E. Pacitti, Esq., (email: dpacitti@klehr.com); (ii) the U.S. Trustee, Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE, 19801, Attn: David Buchbinder, Esq.; (iii) proposed counsel to the official committee of unsecured creditors, Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036, Attn: Lawrence C. Gottlieb, Esq. and Jay R. Indyke, Esq. and proposed Delaware counsel to the official committee of unsecured creditors, Richards, Layton & Finger, One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Christopher Samis, Esq.; and (iv) counsel to the Debtors' prepetition secured lender and debtor in possession lender, Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801, Attn; Regina Stango Kelbon, Esq., so as to be actually received no later than the Adequate Assurance Objection Deadline.

17.    If no objection is timely received prior to the Cure Objection Deadline or the Adequate Assurance Objection Deadline, as applicable, the Cure Amount for any Assumed Contract set forth in the Cure Notice shall control as of the date of such notice without regard to anything to the contrary in such Assumed Contract or any other document and the adequate assurance of future performance shall be deemed adequate. In the event a party to an Assumed Contract files a timely objection asserting a higher cure amount than the Cure Amount, and the parties are unable to consensually resolve the dispute prior to the Sale Hearing, the amount to be paid under section 365 of the Bankruptcy Code with respect to such Assumed Contract will be determined at the Sale Hearing or such other date and time as may be fixed by this Court. All other objections to the proposed assumption and assignment of the Assumed Contracts will be heard at the Sale Hearing.

8

18.     Unless otherwise agreed to between the parties to the Assumed Contracts and the Debtors, the Debtors shall pay the Cure Amounts at Closing (which amounts, for the avoidance of doubt, shall be fully funded by the Successful Bidder); provided, that in the event that any Cure Amount shall then be in dispute, the Debtors shall pay to the applicable counterparty the portion thereof, if any, that is not in dispute, and the balance, if any (which shall be deposited with and held in a segregated account by the Debtors or such other person as the Court may direct pending further order of the Court or mutual agreement of the parties), shall be paid upon resolution of such dispute.

19.     Promptly upon the conclusion of the Auction, the Debtors shall file with the Bankruptcy Court and serve a notice identifying the Successful Bidder.

20.     The Debtors shall, on or before December [_3_], 2013, serve by overnight mail, facsimile, email, or hand delivery to any counterparties of contracts or unexpired lease to be assumed and assigned to the Successful Bidder under such bidder's Agreement, evidence of adequate assurance of future performance of the Successful Bidder pursuant to section 365 of the Bankruptcy Code, which such evidence may include, among other things: (i) the identity of the Successful Bidder, (ii) evidence of financial wherewithal of the Successful Bidder, and (iii) all documents and other evidence of adequate assurance of future performance by the Successful Bidder including, without limitation, a contact person for the proposed assignee that counterparties may directly contact in connection with the adequate assurance of future performance. The Debtors are authorized to provide the adequate assurance information to counterparties on a confidential basis and, by accepting such information, counterparties are required to keep such adequate assurance information confidential without the need to enter into a separate confidentiality agreement.

9

21.     Responses or objections, if any, to the relief requested in the Sale Motion (other than objections to Cure Amounts or adequate assurance of future performance as it relates to the Successful Bidder), including, but not limited to, the Debtors' request to approve the Sale of the Assets, must be (a) in writing; (b) state with specificity the basis therefore; (c) comply with the Bankruptcy Rules and the Local Rules; and (d) be filed with the clerk of the Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Flr., Wilmington, DE, 19801 by **4:00 p.m.** (**prevailing Eastern Time) on [ December 2 ], 2013** (the "*Objection Deadline*"); and (e) be served upon (i) the Debtors, 20 Hill Avenue NW, Fort Walton Beach, Florida 32548 Attn: Lynda K. Barr, Chief Financial Officer; (ii) proposed counsel for the Debtors, Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, Delaware 19801, Attn: Domenic E. Pacitti, Esq.; (iii) counsel to the Debtors' prepetition secured lender and debtor in possession lender, Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801, Attn; Regina Stango Kelbon, Esq.; (iv) proposed counsel to the official committee of unsecured creditors, Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036, Attn: Lawrence C. Gottlieb, Esq. and Jay R. Indyke, Esq. and proposed Delaware counsel to the official committee of unsecured creditors, Richards, Layton & Finger, One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attention: Christopher Samis; and (v) the office of the United States Trustee for the District of Delaware, Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David Buchbinder, Esq., so as to be actually received no later than the Objection Deadline.

22.     Notwithstanding Bankruptcy Rule 6004, 6006(d), 7062 or 9014, if applicable, or any other Local Rule or otherwise, this Sale Order shall not be stayed for 14-days after the entry

10

hereof, but shall be effective and enforceable immediately upon entry pursuant to Bankruptcy Rule 6004(h).

24.    Any conflict between the terms and provisions of this Order and the Purchase Agreement shall be resolved in favor of this Order.  To the extent that the Sale Procedures Motion; Sale Procedures or Cure Notice is inconsistent with this Order, the provisions of this Order shall control.

25.    This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Date: November 20, 2013
Wilmington, Delaware

_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge

11