**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| EWGS INTERMEDIARY, LLC, *et al.*,[1] | ) ) ) | Case No. 13-12876 (MFW) |
| Debtors. | ) ) ) | Jointly Administered |

**NOTICE OF SALE PROCEDURES, AUCTION DATE, AND SALE HEARING**

**PLEASE BE ADVISED** that, on November 20, 2013, pursuant to a motion, dated November 5, 2013 (the "*Sale Procedures Motion*"), filed by EWGS Intermediary, LLC and Edwin Watts Golf Stores LLC, debtors and debtors-in-possession (collectively, the "*Debtors*"), the United States Bankruptcy Court for the District of Delaware (the "*Court*") entered an Order (the "*Procedures Order*") approving certain Sale Procedures (the "*Sale Procedures*") in connection with the proposed sale by the Debtors of certain their assets (the "*Assets*") to one or more bidders, at an auction (the "*Auction*") to be conducted at the offices of Klehr Harrison Harvey Branzburg LLP, 919 Market Street, Suite 1000, Wilmington, DE 19801, or at another location timely disclosed by the Debtors to Qualified Bidders (as defined herein), on December 3, 2013 at 10:00 a.m. (the "*Auction Date*"). A copy of the Sale Procedures and Sale Motion can be obtained by requesting same from Debtors' counsel at the address set forth below or by emailing Domenic E. Pacitti, Esq. at dpacitti@klehr.com.

**PLEASE BE FURTHER ADVISED** that, pursuant to the Sale Procedures, any bidder desiring to submit a bid at the Auction (a "*Bid*") shall be subject to the requirements in the Sale Procedures, and shall among other things, send a letter indicating its interest in bidding addressed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: EWGS Intermediary, LLC (5356) and Edwin Watts Golf Shops, LLC (5356). The address of the Debtors' corporate headquarters is 20 Hill Avenue NW, Fort Walton Beach, FL 32548.

to the Debtors and their counsel, execute a confidentiality agreement and provide the requisite financial and other information (a "***Qualified Bidder***").

**PLEASE BE FURTHER ADVISED** that all Bids for the Assets shall be submitted in accordance with the Sale Procedures and shall be submitted in writing to Bayshore Partners, LLC ("***Bayshore***"), 401 E. Las Olas Blvd., Suite 2360, Ft. Lauderdale, FL 33301, Attn: Steve Zuckerman or szuckerman@farlieturner.com, such that the Bid is actually received not later than December 2, 2013 at 4:00 p.m.

**PLEASE BE FURTHER ADVISED** that, pursuant to the Sale Procedures, objections to the Debtors' sale of the Assets (other than objections to Cure Amounts or adequate assurance of future performance as it relates to the Successful Bidder) shall be set forth in writing and shall state with particularity the grounds for such objections or other statements of position and shall be served by 4:00 p.m. on December 2, 2013, on (i) the Court; (ii) the Debtors, 20 Hill Ave. N.W., Ft. Walton Beach, FL 32548 Attn: Lynda K. Barr; (iii) proposed counsel for the Debtors, Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, Delaware 19801, Attn: Domenic E. Pacitti, Esq.; (iv) counsel to the Debtors' prepetition secured lender and debtor in possession lender, Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801, Attn; Regina Stango Kelbon, Esq; (v) proposed counsel to the official committee of unsecured creditors, Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036, Attn: Lawrence C. Gottlieb, Esq. and Jay R. Indyke, Esq. and proposed Delaware counsel to the official committee of unsecured creditors, Richards, Layton & Finger, One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Christopher Samis, Esq.; and (vi) the office of the United States Trustee for the District of Delaware, Caleb

Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David Buchbinder, Esq. (the "*Notice Parties*").

**PLEASE BE FURTHER ADVISED** that the Court has scheduled December 5, 2013, at 9:30 a.m. (or such time thereafter as counsel may be heard) as the date for a hearing (the "*Sale Hearing*") to consider entry of an order authorizing and approving (i) the sale or sales of the Assets free and clear of all liens, claims, and encumbrances, pursuant to the asset sale agreement or agreements as entered into by the Debtors pursuant to the Sale Procedures for the sale or sales of the Assets as a whole or in parts; (ii) the assumption and assignment of certain executory contracts and unexpired leases in connection with the sale or sales of the Assets; and (iii) the exemption of the sale or sales from stamp or other similar taxes. The Sale Hearing may, however, be adjourned from time to time by announcement at the Sale Hearing in open Court, without notice.

**PLEASE BE FURTHER ADVISED** that objections, if any, that relate to the proposed assumption and assignment of executory contracts and unexpired leases (an "*Assigned Contract*") (including, but not limited to, any objections relating to the validity of the cure amount as determined by the Debtors or to otherwise assert that any amounts, defaults, conditions, or pecuniary losses must be cured or satisfied under any of the assigned executory contracts or unexpired leases as of the Sale Hearing Date, not including accrued but not yet due obligations, in order for such contract to be assumed and/or assigned) (a "*Cure Objection*") shall be filed and served so as to be actually received by the Notice Parties, by December 2, 2013 at 4:00 p.m. (the "*Cure Objection Deadline*").

**PLEASE BE FURTHER ADVISED** that objections, if any, that relate to the proposed assumption and assignment an Assigned Contract, solely as it relates to the adequate assurance

3

of future performance (an "**Adequate Assurance Objection**") shall be filed and served so as to be actually received by the Notice Parties, by December 5, 2012 at 9:30 a.m. (the "**Adequate Assurance Objection Deadline**").

**PLEASE BE FURTHER ADVISED** that, except as limited herein, unless a Cure Objection or Adequate Assurance Objection is filed and served by a party to an Assigned Contract or a party interested in an Assigned Contract by the Cure Objection Deadline or the Adequate Assurance Objection Deadline, as applicable, all interested parties who have received actual or constructive notice hereof shall be deemed to have waived and released any right to assert a Cure Objection and Adequate Assurance Objection and to have otherwise consented to the assumption and assignment of the Assigned Contract and shall be forever barred and estopped from asserting or claiming against the Debtors, the successful Qualified Bidder or any other assignee of the relevant Assigned Contract that any additional amounts are due or defaults exist, or conditions to assignment must be satisfied, under such assigned contract for any period prior to the Sale Hearing Date.

**PLEASE BE FURTHER ADVISED** that Cure Objections shall set forth the cure amount the Objector asserts is due, the specific types and dates of the alleged defaults, pecuniary losses, and conditions to assignment, and the support therefor.

**PLEASE BE FURTHER ADVISED** that hearings with respect to Cure Objections may be held (a) at the Sale Hearing, or (b) at such other date as the Court may designate, provided that if the subject Assigned Contract is assumed and assigned, the cure amount asserted by the objecting party (or such lower amount as may be fixed by the Court) shall be deposited with and held in a segregated account by the Debtors or such other person as the Court may direct pending further order of the applicable Court or mutual agreement of the parties. A properly filed and

served Cure Objection shall reserve such party's rights against the Debtors (but not against any purchaser of the Assets) respecting the Cure Obligation, but shall not constitute an objection to the relief generally requested in the Motion.

**PLEASE BE FURTHER ADVISED** that the Debtors reserve the right, and have been authorized by the Court, to reject at and as of the Sale Hearing any executory contract or unexpired lease not to be assumed and assigned.

**PLEASE BE FURTHER ADVISED** that all requests for information concerning the Assets or Sale Procedures should be in writing directed to Klehr Harrison Harvey Branzburg LLP, 919 Market Street, Suite 1000, Wilmington, DE 19801, Attn: Domenic E. Pacitti, Esq. or dpacitti@klehr.com

Dated: November 22, 2013
Wilmington, Delaware

*/s/ Michael W. Yurkewicz*
Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:   (302) 426-1189
Facsimile:    (302) 426-9193

*Proposed Counsel to the Debtors
and Debtors in Possession*