IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EWGS INTERMEDIARY, LLC, *et al.*,[1] | ) Case No. 13-12876 (MFW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Related to Docket No. 64** |

**ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF BAYSHORE PARTNERS, LLC AS INVESTMENT BANKER *NUNC
PRO TUNC* TO THE PETITION DATE**

Upon consideration of the application (the "Application") of the above-captioned debtors and debtors-in-possession (the "Debtors"), for an order, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), authorizing the Debtors to employ and retain Bayshore Partners, LLC ("Bayshore") as the Debtors' investment banker in these Chapter 11 Cases,[2] effective as of the Petition Date; and upon the Declaration of Craig Farlie, annexed to the Application as Exhibit B; and the Court having been satisfied that Bayshore does not hold or represent interests adverse to the Debtors' estates and that Bayshore is a "disinterested person" as such term is defined under section 101(14), as modified by section 1107(b), of the Bankruptcy Code; and that the employment of Bayshore as the Debtors' investment banker is necessary and in the best interests of the Debtors, their estates, creditors, and interest holders; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDER, ADJUDGED, AND DECREED THERE:**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: EWGS Intermediary, LLC (5356) and Edwin Watts Golf Shops, LLC (5356). The address of the Debtors' corporate headquarters is 20 Hill Avenue NW, Fort Walton Beach, FL 32548.

PHIL1 3236933v.3

1. The Application is granted to the extent provided herein.

2. The Debtors are authorized pursuant to sections 327(a) and 328 of the Bankruptcy Code to employ and retain Bayshore as their investment banker, effective as of the Petition Date, on the terms set forth in the Engagement Letter attached to the Application as **Exhibit C** and as modified by this Order.

3. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any order of this Court, or any guidelines regarding the submission and approval of fee applications, Bayshore and its professionals shall (a) only be required to maintain summary time records in hour increments, and (b) not be required to record hours in a "project category" format; provided however, that Bayshore shall provide a narrative of the services rendered in its fee applications. The Transaction Fee payable pursuant to the Engagement Letter shall be paid immediately and directly from the proceeds of the Transaction, as a necessary cost and condition precedent of such Transaction, free and clear of any lien, claim or interest that any creditor or claimant may possess in the relevant assets sold or the proceeds received in connection with such Transaction; provided that the amount of such Transaction Fee shall be segregated at the closing of such Transaction and held in escrow by the Debtors, pending Court approval of Bayshore's final fee application.

4. The fees payable to Bayshore pursuant to the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in sections 330 or 331 of the Bankruptcy Code; provided, however, that the US Trustee shall be permitted to review Bayshore's fees pursuant to the standards set forth in section 330 of the Bankruptcy Code.

PHIL1 3236933v.3

5. The Indemnification Provisions of the Engagement Letter are approved, subject to the following modifications, applicable during the pendency of these cases:

   a. subject to the provisions of subparagraph (c), infra, the Debtors are authorized to indemnify, and shall indemnify, Bayshore in accordance with the Engagement Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter, but not for any claim arising from, related to, or in connection with Bayshore's postpetition performance of any other services unless such postpetition services and indemnification therefore are approved by the Bankruptcy Court;

   b. notwithstanding any provisions of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify Bayshore or provide contribution or reimbursement to Bayshore for any claim or expense that is judicially determined (the determination having become final) to have arisen from Bayshore's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct; and

   c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 Cases, Bayshore believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter, including without limitation the advancement of defense costs, Bayshore must file an application therefore in this Court, and the Debtors may not pay any such amounts to Bayshore before the entry of an order by this Court approving such payment. This subparagraph (c) is intended only to specify the period during which the Court shall have jurisdiction over any request for indemnification, contribution, or reimbursement by Bayshore and not a provision limiting the duration of the Debtors' obligation to indemnify Bayshore.

6. During the course of the bankruptcy cases, any limitation of liability provisions in the Engagement Letter shall have no force or effect.

7. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Dec. 3, 2013
Wilmington, Delaware

*Mary F. Walrath*
The Honorable Mary F. Walrath
United States Bankruptcy Judge

PHIL1 3236933v.3